## BREWER v. CULP.

[No. 13,245.   Filed May 15, 1928.]

*L. D. Boyd, George W. Julien, John L. Hanna* and *Ralph E. Hanna,* for appellant.

*James E. Rocap* and *John J. McShane,* for appellee.

REMY, C. J.—Appellant, having suffered an injury which arose out of and in the course of his employment by appellee, was, on February 19, 1921, awarded compensation, the award being as follows:   "It is therefore considered and ordered by the Industrial Board of Indiana that the plaintiff be and the same is hereby awarded compensation at the rate of $13.20 per week for the total period of disability; not exceeding the period fixed by the statute."   Under this award the weekly compensation payments were regularly made until

September 14, 1927, the aggregate of compensation so paid him being $5,000. Although appellant's total disability had not ceased, appellee, claiming that the statute did not provide for compensation to an employee in excess of $5,000, refused to make further payments, and filed with the Industrial Board his application for a modification of the original award, terminating payment of compensation as of September 14, 1927, and on December 9, 1927, the original award was so modified. From the order of December 9, this appeal is prosecuted.

The original award was made under clause (j) of §31 of the Compensation Act (Acts 1919 p. 158, §9476 Burns 1926) which provides: "For injuries causing temporary total disability for work, there shall be paid to the injured employee during such total disability, but not including the first seven calendar days thereof, a weekly compensation equal to 55% of his average weekly wages for a period not to exceed five hundred weeks." This provision must be read in connection with, and is limited by, §40 of the Compensation Act (Acts 1915 p. 392, §9485 Burns 1926) which, among other things provides that the total compensation "payable under the act shall in no case exceed $5,000." When the two provisions are read together, it is clear that they do not authorize the Industrial Board to make an award for an injury to an employee which would require the employer to pay compensation in excess of $5,000.

But it is urged by appellant that the Industrial Board was without jurisdiction to terminate payments of compensation as fixed by the original award. Appellant is in error. Clearly, the award in the form written is incomplete; it should have been so drawn as to limit the compensation to $5,000; but the failure so to do was merely a clerical error which the

board was authorized to correct either on its own motion or on application of appellee.

Affirmed.