CHARLES HUMPHREY *v.* STATE OF INDIANA.

[No. 2-275A41. Filed October 22, 1975.]

*Stephen J. Cuthbert,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Alden,* Deputy Attorney General, for appellee.

PER CURIAM—Pursuant to Indiana Rules of Procedure for Post-Conviction Remedies, Rule 2, Humphrey appeals his Second Degree Burglary conviction. His attack is directed solely to the sufficiency of the evidence.

We affirm.

The evidence of record, together with the inferences which might be reasonably drawn therefrom discloses:

On August 28, 1973, an automatic alarm system was activated alerting Lafayette police that the Arth Drug Store in Lafayette was being entered. Several police cars immediately

responded to the radio dispatch, and the arriving officers noticed that the front doors had been pried open.

Several officers entered the store and found Humphrey behind the counter holding an empty drug bottle with numerous other drugs strewn around him. A tire tool was lying directly beside him on the floor. The drug cabinet from which the drugs had been taken evidenced that it had been forced open.

The store manager who was called to the scene testified that he had previously closed and locked all the doors and set the alarm system. When he arrived, he noticed that the front door had been forced open. A subsequent investigation revealed that 37 Dilaudid tablets (an opium derivative) were missing.

The elements of second degree burglary are: (1) breaking (2) and entering (3) into a building or structure other than a dwelling house or place of human habitation (4) with intent to commit a felony therein. *Cook* v. *State* (1972), 258 Ind. 667, 284 N.E.2d 81; *Reas* v. *State* (1975), 163 Ind. App. 316, 323 N.E.2d 274; *Gorbett* v. *State* (1974), 162 Ind. App. 164, 318 N.E.2d 592.

It is well settled that felonious intent at the time of the entry may be inferred from acts committed after entry. *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724; *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133.

The evidence in the present case amply supports a reasonable inference that Humphrey forcibly entered the building with intent to commit a felony. *Chappell* v. *State* (1972), 258 Ind. 537, 282 N.E.2d 810.

Defendant's further contention that the value of the missing Dilaudid tablets was not proved to be more than $100.00 and

could not therefore be a felony need not be considered for he fails to support such contention by citation of any authority. Ind. Rules of Procedure, AP. 8.3(A)(7). In any event, such contention is wholly without merit. *Young* v. *State* (1970), 254 Ind. 379, 260 N.E.2d 572.

The judgment is affirmed.

NOTE.—Reported at 335 N.E.2d 629.