NORMAN E. LEE v. STATE OF INDIANA.

[No. 1-775A121. Filed June 22, 1976.]

*Clifford G. Antcliff, Antcliff & Wilson,* of Greenwood, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

### FACTS:

LOWDERMILK, J.—Appellant, Norman E. Lee (Lee) was arrested as the result of his being seen entering the home of Goldie Jones by two police officers secreted in the home. The

police had received information supplied by Bobby Baker, an Indianapolis Police Department informer. At the time of his arrest Lee was wearing a false beard and had in his possession a flashlight, toy gun, sunglasses and electrical tape. Lee was arrested on September 28, 1973, charged by information with First Degree Burglary in the Criminal Court of Marion County on September 29, 1973, on which date the court ordered a capias issued for Lee and set the cause for arraignment.

## CASE SUMMARY:

The defendant-appellant, Norman E. Lee (Lee) was convicted by a jury for the offense of entering to commit a felony and sentence thereon was timely passed.

We affirm.

Issues to be resolved by this court are:

1. Insufficient evidence to convict Lee of the crime of entering to commit a felony.

2. Error in refusing to grant Lee's motion to dismiss.

3. Error in refusing to grant Lee's motion to suppress certain statements introduced at trial without the requisite showing of the corpus delicti.

4. Error in denying Lee's motion for a continuance.

5. Error in overruling Lee's motion to dismiss.

6. Error in denying Lee's evidence in his defense of entrapment.

## DECISION:

ISSUE ONE:

Lee argues that the evidence was insufficient to establish either his entering the home of Goldie Jones at 1302 South Talbot, or his intent to commit a felony therein, as required by IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956).

In *Penman* v. *State* (1975), 163 Ind. App. 583, 325 N.E.2d 478, a sufficient entry was found in the defendant's leaning through a window to sufficiently enable him to take money from a jukebox. In the case at bar, the State elicited testimony

through Officer Campbell that Lee was inside the victim's home. Officer Neely further substantiated this with testimony that he saw Lee's foot and shoulder inside the doorway before Lee's arrest.

This court in reviewing the argument that the evidence presented below was insufficient to merit a conviction, or the verdict was contrary to law, will look only to the evidence most favorable to the State, together with all reasonable inferences that can be drawn therefrom, and will affirm the conviction if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt of the crime of which he was convicted. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Riner* v. *State* (1972), 258 Ind. 428, 281 N.E.2d 815.

In *Penman, supra,* this court said, at page 480:

"The crux of Penman's argument is that a person cannot be said to have 'entered' a building until his entire person is within the boundaries of the structure. We do not agree with this statement of the law. A more accurate statement is that a person has entered a structure when he has essentially put himself in a position to commit a felony within the confines of the structure. . . ."

Applying this standard to the facts of the case at bar, we hold that appellant's contention that the evidence was insufficient to establish his entry into the home of Goldie Jones is without merit.

The element of intent may be inferred from the circumstances surrounding the entry. *Humphrey* v. *State* (1975), 166 Ind. App. 299, 335 N.E.2d 629, 630. Lee was wearing a fake beard and had in his possession a toy gun at the time of the unlawful entry and arrest. When Lee was ordered to halt, he attempted to flee the police. Flight may be considered by the trier of facts in passing upon Lee's guilt or innocence. *Cox* v. *State* (1975), 167 Ind. App. 168, 338 N.E.2d 319. After his arrest Lee said "I'm glad you

caught me before I hurt someone" and "I'm glad I was apprehended." This evidence is sufficient to permit the jury to reasonably infer that Lee had ample intent to enter and to perpetrate a felony inside the home of Goldie Jones.

ISSUE TWO:

The principal contention made by Lee in his motion to dismiss was that the trial court was without jurisdiction of the cause as there was no probable cause hearing. The authority for this proposition relied on is the case of *State ex rel. French* v. *Hendricks Superior Court* (1969), 252 Ind. 213, 223, 247 N.E.2d 519, 525, wherein our Supreme Court stated that a probable cause hearing must precede the issuance of an arrest warrant. There were two vigorous dissents filed to the majority opinion. The dissents criticized the opinion in *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N.E.2d 500. Further, the holding in *Kinnaird, supra,* was not followed in the case of *Fender* v. *Lash* (1973), 261 Ind. 373, 304 N.E.2d 209, 210, wherein our Supreme Court stated, "The record before us does disclose that petitioner was arrested pursuant to a capias issued by the Criminal Court of Marion County. Under these circumstances, he was not entitled to a preliminary hearing."

Our Supreme Court said in passing on the same question in *Davis* v. *State* (1975), 263 Ind. 327, 330 N.E.2d 738, 742, "Also with reference to the alleged illegal arrest and detention, petitioner was arrested pursuant to a capias issued by the Clerk of the Marion County Criminal Court, he was not, therefore, entitled to have a preliminary or probable cause hearing." Cases cited omitted.

A probable cause hearing is not required and neither is it necessary in cases wherein an information duly sworn to is filed in a court with jurisdiction to hear and determine the case on its merits and the court having seen and considered the verified information orders a capias thereon and sets the amount of bond.

The court properly overruled the motion to dismiss.

ISSUE THREE:

Officer Campbell testified that after Lee's arrest Lee said that he was glad he was apprehended and was caught before he hurt someone and he was sorry that he did what he did against Goldie.

The appellant contends that these statements were improperly admitted into evidence at trial because the State failed to make the prerequisite showing of the *corpus delicti*.

It has long been the law in this State that before a confession or admission can be heard at trial, independent evidence of the *corpus delicti* must be adduced. *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790; *Green* v. *State* (1973), 159 Ind. App. 68, 304 N.E.2d 845. The necessary showing of the *corpus delicti* may be established by direct or circumstantial evidence. *Burton, supra.* The record in the case at bar discloses that evidence of the *corpus delicti* was forthcoming before the above enumerated admissions were introduced into evidence. Further, as the Indiana Supreme Court stated in the case of *Garr* v. *State* (1974), 262 Ind. 134, 312 N.E.2d 70:

> ". . . We would also observe in passing that although it is desirable to first establish a *corpus delicti* before showing a confession or statements against interest by the defendant, such is not necessary. The matter of order of proof is within the sound discretion of the trial court. *See: Parker* v. *State* (1949), 228 Ind. 1, 12, 89 N.E.2d 442."

The court correctly overruled Lee's motion to suppress his oral statements.

ISSUE FOUR:

Lee filed a verified motion for a continuance on August 23, 1974, which motion was to the effect that certain key witnesses could not be on hand for trial on August 26, 1974, which trial date was the last of a number of resettings.

This court held in *Hopper* v. *State* (1974), 161 Ind. App. 29, 314 N.E.2d 98, 103 that the granting of a continuance was

usually within the sound discretion of the trial court and that denial of such a motion will not result in reversal absent a clear abuse of discretion. Further, IC 1971, 35-1-26-1, Ind. Ann. Stat. § 9-1401 (Burns 1956) sets out the requirements to be met by a defendant in a criminal action to postpone a trial on account of absence of a witness. Among the requisites of such motions are that the motion shall contain what facts he believes the witness will testify to, et cetera; the affidavit and motion shall be filed at least five days before the trial date. Lee failed to meet the two above requirements and the court correctly overruled his motion for a continuance.

ISSUE FIVE:

Lee has failed to cite any relevant authority in support of his oral motion to dismiss and has thereby waived his question pursuant to Ind. Rules of Procedure, Appellate Rule 8.3(A)(7); *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805, 807.

ISSUE SIX:

Lee urges that he was illegally denied the defense of entrapment.

The circumstances under which a defendant can avail himself of the defense of entrapment were spelled out in the case of *Minton* v. *State* (1966), 247 Ind. 307, 313, 214 N.E.2d 380, 384. It was there stated that:

". . . It is only where a person has been instigated, induced, or lured, for the purpose of prosecution, in the commission of a crime which he had no intention of committing that he may avail himself of the defense of entrapment. *Where the criminal intent originated in the mind of the person committing the criminal act,* an accused may not avail himself of this defense. . . ." (Our emphasis.)

See also *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E. 2d 92.

The evidence most favorable to the State is that the bur-

glary was conceived by Lee and he solicited Bobby Baker, a police informant, to assist in the burglary.

Bobby Baker testified as follows:

"Q. And would you describe what, if anything, occurred at about 10:00 o'clock in that tavern?

A. Well, I was sitting there talking to my Dad and somebody mentioned, hollered my name back in the back and Norman Lee asked me, says, 'Your name's Bobby Baker', and I said 'Yeah'. He said, 'I've been trying to find you for a long time'. I said, 'Why'? He says, 'I've got something to talk to you about'. I said, 'Whats that'? So we went over to the booths and sat down and he said, 'I heard you was a burglar'. I said, 'You must have heard wrong'. He said, 'Well, I've got something to talk to you about'. I said, 'What'? He said, 'Well, I know these people, they've got a lot of money in their houses. . . .'

Q. Had you ever seen Norman Lee before that night?

A. No."

To support the defense of entrapment Lee attempted to introduce evidence by some fourteen defense witnesses who had been arrested pursuant to information furnished by Bobby Baker, the police informer, and thereby give the jury an opportunity to determine the question of fact of whether Lee was or was not entrapped.

Lee further contends that he was denied a valid defense by this refusal to permit the fourteen witnesses to testify, all of which was in violation of the United States Constitution.

The law is well settled that entrapment is a question of fact for the jury. *Hauk* v. *State, supra.*

The trial judge permitted two of Lee's fourteen witnesses who had been arrested pursuant to information by Baker to testify. The offered testimony was to show a pattern of operations by Baker and an attempt to impeach the State's witness, Baker, on collateral matters.

Our Supreme Court in *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179, 184, said "Collateral matters can not be the

basis for an impeachment." (Cases cited omitted). The court went further to say, "The test as to whether a matter is collateral is whether the party seeking to introduce it for the purposes of contradiction would be entitled to prove it as a part of his case." See also, 98 C.J.S., Witnesses § 633 (b) at page 654.

It is our opinion that the trial court properly refused the parade of witnesses on a collateral matter directed at witness Baker, a police informer, as the evidence was clearly improper under the test set out in *Bryant, supra.*

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 349 N.E.2d 214.