369 N.E.2d 958 (1977)
F.W. WOOLWORTH COMPANY, Appellant (Plaintiff-below),
v.
STATE Board of Tax Commissioners, Appellee (Defendant-below).
No. 1-976A172.
Court of Appeals of Indiana, First District.
December 1, 1977.
Rehearing Denied December 28, 1977.
*959 Gil I. Berry, Jr., Buck, Berry, Landau, Breunig & Quinn, Indianapolis, Robert F. Sharp, Williams, Rutstein, Goldfarb & Sharp, Chicago, Ill., for appellant.
Theo. L. Sendak, Atty. Gen., Henry O. Sitler, Deputy Atty. Gen., Indianapolis, for appellee.
ROBERTSON, Chief Judge.
Defendant-appellant, F.W. Woolworth Company ("Woolworth") brings this appeal from the denial by the trial court of its Motion to Correct Errors. The trial court rendered judgment in favor of the State Board of Tax Commissioners ("Board") and upheld the Board's determination of Woolworth's personal property tax assessment for the calendar year 1970.
Woolworth has presented the following issues for review:
1. Did the trial court err in holding that the Board's Final Determination of Assessment was legally sufficient? (Woolworth's issues 3, 4, 5, & 8).
2. Did the trial court err in finding that Woolworth had the burden of proving *960 that its returns were in substantial compliance with Regulation 16 of the Board, so as to invoke a shorter statute of limitation against the Board, and also in finding that Woolworth failed to carry that burden? (Woolworth's issues 1 & 2).
3. Did the trial court err in finding that the Board had the authority to issue a notice of final assessment after October 1, 1971? (Woolworth's issue 6).
4. Did the trial court err by overruling Woolworth's motion for summary judgment? (Woolworth's issue 7).
We affirm in part and reverse in part.
This case arose from a state-wide review of the 1970 business personal property tax returns for the 45 Woolworth and Woolco stores located in Indiana. The Board issued its final assessment of $2,192,530 in September, 1971. Shortly thereafter, Woolworth instituted appeals from the Board's assessment in the twenty-four (24) counties in which the stores were located pursuant to IC 1971, 6-1-31-4 (Burns Code Ed.).[1] These appeals were then removed to and consolidated in the Indiana Appellate Court pursuant to IC 1971, 6-1-31-5 (Burns Code Ed.). Because the existence of the Appellate Court was to expire on December 31, 1971, and because the new Court of Appeals was without jurisdiction to entertain an original action as contemplated under IC 1971, 6-1-34-4 (Burns Code Ed.),[2] all of the appeals were transferred to the Hancock Circuit Court on December 29, 1971. The Board then moved for dismissal on the grounds that the Hancock Circuit Court lacked subject matter jurisdiction. After receiving briefs on this issue, the trial court overruled the motion to dismiss and the Board has not raised any issue of jurisdiction on appeal. We feel that the Hancock Circuit Court could properly assume subject matter jurisdiction under IC 1971, 6-1-31-4 (Burns Code Ed.) which allows consolidation of appeals. Any other jurisdictional issues not having been properly preserved for appeal are deemed to be waived.
Woolworth prepared its Indiana personal property tax returns for 1970 and duly filed those returns with the appropriate county officials. Subsequently, the Board instituted a state-wide review of those tax returns with state auditor William Parker conducting the bulk of the review in Woolworth's office in Milwaukee, Wisconsin. On September 21, 1971, Parker, completed his audit, which resulted in a higher property tax assessment than that reported in Woolworth's returns. A copy of his computations as to each store was sent on that same date both to the Board and also to Robert Sharp, legal counsel for Woolworth. Parker's assessments were then incorporated by the Board into its Form 118, Final Assessment Determination, which was mailed to Woolworth on September 29, 1971.
Page 1 of the Form 118 showed the final assessment of $2,192,530 for all of Woolworth's personal property subject to taxation and also showed the individual assessments for 32 of the 45 Woolworth stores in Indiana. Due to some unexplained clerical error, however, page 2 of the form, instead of showing the individual assessments for the remaining 13 stores, showed the individual assessments for various properties of U-Haul Company, Incorporated. On October 21, 1971, the Board met and issued a corrected Form 118 which contained the correct page 2 showing the individual assessments of the remaining thirteen stores.
Woolworth has contested neither the accuracy of the Board's final assessment nor the method by which it was computed. Instead, Woolworth has focused its attack on the allegedly defective notice of assessment issued by the Board. The basis of Woolworth's argument, both at trial and on appeal, is found in the following portion of IC 1971, X-X-XX-XX (Burns Code Ed.):
"X-X-XX-XX Notwithstanding any other provision of this act [6-1-20-1 - X-X-XX-XX], *961 no assessing official or board may change the assessment made in respect to a personal property return which has been filed in substantial compliance with the provisions of this act and the regulations duly adopted by the State Board of Tax Commissioners as required by law, unless such assessing official or board shall have taken such action and shall have given notice thereof as required by section 413 [X-X-XX-XX] within the following time limitations: ...
3. Any such change in assessment by the State Board of Tax Commissioners, including the final determination on review of an assessment made by a county board of review pursuant to section 1201 [6-1-31-1], shall be made and the notice thereof given not later than the first day of October of the year immediately following the year for which such assessment is made or not later than sixteen [16] months from the date such personal property return was filed if the return was filed after May 15 of the tax year.
Upon failure of any such assessing official or board to take action and give notice thereof within the time prescribed by this section, the assessment for the taxpayer shall be final in an amount equal to the assessment last duly claimed by the taxpayer in respect to such personal property return." (emphasis added).
It can be seen from the above statute that a change in personal property tax assessment by the State Board of Tax Commissioners from that contained in a timely-filed return must be completed on or before the October 1 deadline. Woolworth contends that notice of its changed assessment, which is required under the statute, was not properly given until the corrected Form 118 was sent by the Board after the October 1 deadline.
The Board argues that the returns filed by Woolworth were not in substantial compliance with the regulations of the Board and that the October 1 deadline is therefore not applicable. It is further contended by the Board that Woolworth had the burden of proving substantial compliance at trial and that Woolworth failed to carry that burden.
In its Findings of Fact and Conclusions of Law, the trial court held that Woolworth did in fact have the burden of proving that its returns were in substantial compliance with Reg. 16 of the Board. It further held that Woolworth failed to prove that its returns were in compliance and that the general limitation clause requiring notice on or before October 1 was not applicable. The court concluded that the Board had given Woolworth timely notice of its assessment, that Woolworth failed to show that the assessment was arbitrary or capricious or otherwise unlawful, and that the Board's assessment was therefore legal and binding.
Woolworth argues that the Board's first notice, because the list of individual assessments was incomplete, deprived it of due process of law in that IC 1971, 6-1-31-4 (Burns Code Ed.) requires any appeal from a determination of the Board to be made to the circuit or superior court of the county in which the property is located within 30 days of the Board's notice. Because the first Form 118 sent by the Board did not contain the assessments for 13 of the 45 stores, Woolworth contends that it was unduly prejudiced in filing its appeals within 30 days.
We agree with Woolworth that a defective notice from the Board or from any other assessing official, whether intentional or unintentional, that obstructs or prohibits an effective appeal constitutes a denial of due process. Although the Board has a wide range of discretion as to the forms to be used and the method by which notice of an increased assessment is to be given, the manner in which notice is actually given must be reasonably adequate under the circumstances and must comport with all statutory requirements. Fitz v. Board of Trustees of Town of Clermont (1969), 253 Ind. 202, 252 N.E.2d 567. Otherwise, the Board's assessment must be held to be invalid as a denial of due process under the 14th Amendment to the United States Constitution and under Article 1, § 12 of the Indiana Constitution. See Indiana Education *962 Employment Board v. Benton Community School Corporation (1977), Ind., 365 N.E.2d 752.
The Board's first notice sent on September 29, 1971, which purported to be the final assessment determination for all of Woolworth's stores in Indiana, clearly stated that Woolworth had 30 days in which to file any appeals and also that no further action by the Board could extend that time period. The second notice sent by the Board, on October 21, contained that same statement plus a further order of the Board that:
"[T]he only purpose of this order is to correct said clerical error and is not intended to change or modify any prior notice of final assessment determination." (Emphasis added).
Judging from the content of the Board's notices, it appears that the Board was not attempting to issue new or further assessments against Woolworth, but instead was attempting to correct its first notice. However, the Board has no authority to issue corrected assessment notices that prejudice a taxpayer's right to appeal. By failing to list the assessments for 13 of the 45 Woolworth stores on its first notice, the Board effectively reduced from 30 days to 8 days Woolworth's statutory period for filing appeals. This the Board may not do. We hold, therefore, that the notice of final determination of assessment sent by the Board was sufficient to effect a change of assessment for only those stores listed on the Form 118 sent on September 29, 1971. The assessments purportedly effected or corrected by the Board's Form 118 sent on October 21, 1971 are invalid. The assessments for those stores not listed on the September 29, 1971 notice should be the assessments claimed by Woolworth on its property tax returns filed for the year 1970.
Woolworth also argues that the Board's increase in the property tax assessment was invalid due to its failure to hold a proper hearing. However, this issue was not properly raised in the pleadings filed in the trial court and no evidence was ever introduced to support the allegation that the Board failed to hold a hearing. Woolworth has therefore raised no issue for review: "Questions as to a proposition of fact not presented to the trial court and upon which no evidence was introduced cannot be raised for the first time on appeal." Kinzel v. Rettinger (1972), 151 Ind. App. 119, 123, 277 N.E.2d 913, 915; J.I. Case Company v. Sandefur (1963), 245 Ind. 213, 197 N.E.2d 519.
We need not discuss Woolworth's issue number two dealing with the burden of proof as to the proper statute of limitations to be applied for it is uncontroverted that the assessments on the Board's first notice were sent before the alleged October 1 deadline, and we have invalidated on other grounds the assessments sent after that deadline.
Likewise, because we have determined that the Board's Form 118 notice sent on October 21 was insufficient to effect a change of assessment, we need not discuss issue three concerning the Board's authority to issue that notice.
Woolworth lastly argues that the trial court erred by overruling its motion for summary judgment. However, Woolworth has chosen not to support this issue with any cogent argument or relevant authority. Therefore, this issue has been waived. Appellate Rule 8.3(A); Lee v. State (1976), Ind. App., 349 N.E.2d 214.
The judgment in this case is affirmed in part and reversed in part, and is remanded to the trial court with instructions to enter judgment in favor of Woolworth as to the assessments for all stores not listed on the Board's first Form 118 notice sent September 29, 1971.
LOWDERMILK and LYBROOK, JJ., concur.
NOTES
[1] That entire article of the Indiana Code, 6-1-1-1 to X-X-XX-XX, has been repealed and replaced by 6-1.1-1-1 through 6-1.1-37-13, effective March 18, 1975.
[2] Ind. Const. art. 7, § 6.