**Chester ROBERTS, Deceased, Appellant (Plaintiff Below),**

v.

**CASTING SERVICE CORPORATION, Teledyne Casting Service, Appellee (Defendant Below).**

No. 2–1079A322.

Court of Appeals of Indiana.

June 3, 1980.

J. Patrick Smith, Smith & Smith, La-Porte, for appellant.

Richard W. Guthrie, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.

YOUNG, Judge.

Gracie Roberts, the widow of Chester Roberts, challenges a decision of the Industrial Board. We affirm.

Teledyne Casting Service Corp., also identified in the record as "Casting Service Corp.," employed Chester Roberts as a truck driver. On November 3, 1969, a train struck Roberts' truck and killed him. The employer and Roberts' dependents entered into an agreement on Form 13 of the Industrial Board. Pursuant to this agreement the employer consented to pay $57 a week for 500 weeks. The parties determined the weekly rate of $57 and the term of 500 weeks using the appropriate statutory formula. IC 1971, 22–3–3–17, –22 (Burns Code Ed.). These payments aggregate in excess of $25,000. IC 22–3–3–22 places an upper limit of $25,000 as the maximum compensation. The appellant claims the $25,000 limit should not apply. The employer and the Industrial Board disagree.

To resolve this dispute the appellant filed with the Industrial Board a "Petition for Order Requiring Defendant to Comply with Statute." We set out below the pertinent allegations:

"5. That Burns Indiana Statute 40–1402, I.C. 22–3–3–17 provides that when death occurrs [sic] after a compensable injury on or after April 1, 1969, and prior to July 1, 1971, when death results from such injury within 500 weeks there shall be paid to the dependents of said decedent as determined by provisions of I.C. 22–3–3–18, a weekly compensation amounting to 60% of the decedent's average weekly wage until compensation so paid, when added to any compensation paid to deceased employee shall equal 500 weeks, or a total of Twenty-eight Thousand Five Hundred Dollars ($28,500.00).

6. That the defendant, Teledyne Casting Service has paid to the plaintiff $24,-681.00, and claims that there is but $319.00 yet to be paid under Burns Indiana Statutes 40–1405 or 22–3–3–22 of the Indiana Code.

7. The defendant claims that the statute provides that with respect to any injuries occuring [sic] after April 1, 1969, but prior to July 1, 1971, the maximum compensation exclusive of medical benefits which shall be paid for an injury under any provision of this law, or any combination of provisions, shall not exceed $25,000.00 in any case.

8. There is an obvious conflict in the statutes, and the defendant and its carri-

er are misinterpreting the intention of the legislature.

9. That there is due and owing to the petitioner the remainder of the money owing to make up 500 weeks at $57.00, or a total of $3,919.00 [$3,819?]."

The above allegations reveal that the appellant postulated the issue simply as one of statutory application. Namely, does the $25,000 ceiling limit her recovery even though the formula provided elsewhere in the act arguably permits recovery in excess of $25,000? We are careful to point out that the appellant presented only this issue to the board. The appellant did not present the board with any issue of fact, nor did she question whether it was possible to agree to more than the $25,000 ceiling, nor does the record show that she raised any claim that the employer deceived her in any manner. We point this out to remind the appellant that she cannot raise an issue on appeal for the first time. *F. W. Woolworth Co. v. State Bd. of Tax Comm'rs,* (1977) Ind.App., 369 N.E.2d 958, 962; *Carpenter v. Whitley Cnty. Plan Comm'n,* (1977) Ind.App., 367 N.E.2d 1156, 1160; *Farmers State Bank v. Department of Fin. Inst.,* (1976) Ind.App., 355 N.E.2d 277, 282.

With the issue limited to one of statutory application, we have no hesitation in affirming the board's decision. Section 22 clearly imposes a $25,000 ceiling. "With respect to any injury occurring on and after April 1, 1967, and prior to July 1, 1971, the maximum compensation . . . under any provision of this law or any combination of provisions shall not exceed twenty-five thousand dollars in any case." § 22, *supra. See Brewer v. Culp,* (1928) 87 Ind. App. 429, 161 N.E. 713.

Affirmed.

MILLER, P. J., and CHIPMAN, J., concur.