Robert BAILEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1083S366.

Supreme Court of Indiana.

Feb. 4, 1985.

Robert L. Meinzer, Jr., Ottenheimer, Silverman & Meinzer, St. John, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Robert Bailey, was convicted by a jury of burglary, a Class B felony, Ind.Code § 35–43–2–1 (1984 Supp.), and was sentenced to a term of imprisonment of twenty years. On direct appeal he raises the following issues:

1. Whether the court erred in denying the defendant's motion to suppress his confession;

2. Whether the evidence was sufficient to sustain his conviction.

A brief summary of the facts from the record most favorable to the state shows that a policeman, a neighbor of the burglary victims, saw the defendant run out of the victims' house and into a waiting car. The policeman gave chase as the defendant and the other occupant of the car drove away, and they were finally apprehended.

At the residence, the glass in the front door had been broken and household items had been scattered about the living room. One of the residents testified that a rifle and a jewelry box were missing.

## I.

After the defendant and his friend, the other occupant of the car, were transported to jail, a detective took them from the booking area to the interrogation room. While in the elevator, the defendant and the detective, long acquainted from the defendant's previous involvement with the law, engaged in what the detective called "chit-chat." The detective asked the defendant, "What are you doing in here?" The defendant told the detective that, although he was caught with the stolen merchandise, he had not committed the burglary.

Meanwhile, both the defendant and his friend were protesting that the friend was not involved and should be released. The detective proceeded to tell the defendant that his explanation of what happened would not suffice and that he would have to tell the truth if he wanted his friend to be released. The three then proceeded to the interrogation room where the detective prepared to take a statement. He handed the rights waiver form to the defendant who stated he understood his rights. He signed the form and confessed to the burglary. His statement exculpated his friend who was released.

The defendant's claim that his confession was not freely and voluntarily given is two-fold. He argues first that he was tricked or coerced into making his statement by the detective's "promise" to release his friend. Second, he argues that the confession was a product of the conversation in the elevator which he characterizes as interrogation.

■ When the defendant raised the issue of the voluntariness of his confession, the state had the burden of proving it was voluntary beyond a reasonable doubt. *Woolston v. State*, (1983) Ind., 453 N.E.2d 965. The question was for the trial court

to resolve, and on review we will not reweigh the evidence or judge the credibility of the witnesses. The trial court's ruling will not be disturbed if it is supported by substantial evidence of probative value. *Id.*

■ As to the defendant's claim that he was coerced into his confession, it is true that a confession induced by promises, threats, or deceit is not voluntarily made. *Peterson v. State*, (1983) Ind., 453 N.E.2d 196. We do not, however, find these elements here. The evidence does not reveal that the defendant was promised his friend's release, but that he was merely advised that it would not be forthcoming without some basis for believing that, although the two were caught in the car with the goods, the friend had no knowledge of the burglary. In any case, it is unlikely in a case such as this that one would involuntarily confess to a crime for the sake of another's liberty. We have held that advising a defendant of the possibility that his wife would be charged does not render his subsequent confession involuntary. *Lamb v. State*, (1976) 264 Ind. 563, 348 N.E.2d 1. The expectation that a truthful account would gain his friend's release did not render the defendant's confession involuntary.

The defendant next claims that his confession and the waiver of his *Miranda* rights were involuntarily made because of the preceding conversation in the elevator. He argues that the detective interrogated him when he asked, "What are you doing in here?" and by urging him to tell the truth. The defendant claims that this interrogation was improper, having occurred prior to the signing of the waiver form, and that the subsequent waiver was merely a product of the allegedly improper questioning.

■ Whether or not the conversation in the elevator was interrogation or merely a casual exchange, we will not find the subsequent post-waiver confession inadmissible if we find from the totality of the facts and circumstances of this case that the waiver was intelligently made. *Tawney v. State*, (1982) Ind., 439 N.E.2d 582. The

record most favorable to the state reveals that the defendant was advised of his rights at the scene where he was arrested. He was well acquainted with the criminal justice system, having been convicted seven times of felonies. *See, e.g. Howard v. State,* (1984) Ind., 467 N.E.2d 1 (waiver of right to counsel); *see also Earl v. State,* (1983) Ind., 450 N.E.2d 49 (waiver of jury trial). During the hearing on the motion to suppress the confession, the defendant testified that he did not read the waiver form because he "already knew what it was about." Although we have previously held that it is not enough to merely hand a suspect the waiver form without explanation, *Grey v. State,* (1980) 273 Ind. 439, 404 N.E.2d 1348, we find under the totality of the circumstances of this case that the waiver and confession were voluntarily made. Besides, any error in the overruling of the motion to suppress the confession would be harmless in light of the other evidence of the defendant's guilt. *Williams v. State,* (1982) Ind., 433 N.E.2d 769.

## II.

 The defendant claims the evidence was insufficient to sustain his conviction for burglary. He argues specifically that evidence was lacking on the element of entering with the intent to commit a felony. He makes this argument because the state did not prove by direct testimony that the husband did not give permission for the defendant to enter the house. Only the wife testified at trial, and she stated she did not give anyone permission to enter.

Also, during the taking of his statement, the defendant was asked if he had permission to enter the house, and the answer "Yes" was typed on the statement as the response given. However, at trial, the detective who took the statement testified the defendant had in fact answered "No" to the question but that the detective had mistakenly typed "Yes." We believe that this evidence most favorable to the state supports the inference that the defendant had no authorization to enter. Besides, regardless of authorization, if entry is es-

tablished and is coupled with independent evidence of felonious intent, a burglary is proved. *Perkins v. State,* (1976) 171 Ind. App. 288, 356 N.E.2d 1202.

Even if the defendant's confession is ignored, we find sufficient evidence of his felonious intent to support his conviction. Such intent may be inferred from the time and manner of the entry and from evidence of flight. *Lee v. State,* (1976) 169 Ind.App. 470, 349 N.E.2d 214. Here, the defendant entered the victims' house at night. He gained entry through a door with a broken window. After he was spotted, he fled. The evidence was sufficient on intent and on all elements of the crime of burglary.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.