Herman J. CREASY, Appellant
(Petitioner),

v.

STATE of Indiana, Appellee
(Respondent).

No. 2–1083A388.

Court of Appeals of Indiana,
Second District.

April 30, 1985.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

BUCHANAN, Chief Judge.

In a Memorandum Decision handed down December 27, 1984, a majority of this court affirmed the trial court's denial of Creasy's petition for post-conviction relief by holding Creasy had not been denied effective assistance of trial or appellate counsel on any of the five issues raised by his appeal.

We now reiterate and expand upon our conclusion in Issue Two thereof that Creasy was not denied effective assistance of appellate counsel as to the manner in which counsel presented the issue of the admissibility of Creasy's custodial statement in the direct appeal to this court of Creasy's conviction.

The published dissent, *Creasy v. State* (1984), Ind.App., 472 N.E.2d 653 (Sullivan, J., dissenting), concluded that

Creasy's custodial statement was inadmissible by relying on United States Supreme Court cases dealing with the admissibility of a statement obtained after the defendant had assertedly requested an attorney and interpreted those cases as adopting a rule that a statement obtained after the defendant asserts his right to remain silent is inadmissible per se. There is no such per se rule of inadmissibility. This same theory has been considered and expressly rejected by the United States Supreme Court in *Michigan v. Mosley* (1975), 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313. Rather, the admissibility of a custodial statement is determined by looking to the *totality of the circumstances* surrounding the making of the statement to determine whether it was voluntarily given. *Bailey v. State* (1985), Ind., 473 N.E.2d 609; *Massey v. State* (1985), Ind., 473 N.E.2d 146; *Tawney v. State* (1982), Ind., 439 N.E.2d 582; *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188. Therefore, events occurring *after* the defendant first asserts his right to remain silent must be considered to determine whether he subsequently made a valid waiver of his right before giving a statement. The admissibility of a statement is, in the first instance, for the trial court. We review the trial court's decision as we do other sufficiency matters. That is to say, we do *not* reweigh the evidence or judge the credibility of witnesses, and we will not reverse the trial court if its decision to admit the statement is supported by sufficient evidence. *Bailey, supra; Massey, supra; Tawney, supra; Ortiz, supra.*

A review of the totality of the circumstances here reveals that Creasy was advised of his rights on numerous occasions and acknowledged both orally and in writing that he understood these rights. While he did say at one point that he did not want to talk any further, he did, *voluntarily,* continue to talk, answer questions, and signed a written waiver of rights form before giving the statement. There is absolutely no evidence of police inducements, threats, violence, or other improper influences that could have overcome Creasy's free will and coerced him into making this waiver and giving an involuntary statement. In this regard, it is significant that Creasy has never testified that he did not understand his rights or that he was coerced into giving the statement. Instead, he asks us to infer and presume that he was coerced in the absence of evidence to that effect and in the face of considerable evidence to the contrary. We cannot presume that Creasy was coerced when the evidence was sufficient to support the conclusion that Creasy, by his own remarks, invited the resumption of questioning, simply changed his mind about not talking, voluntarily decided to answer questions and give what he thought was an exculpatory statement, and signed a written waiver of rights form before doing so. Therefore, the evidence was sufficient to support the trial court's conclusion that Creasy validly waived his right before giving the challenged statement. Finally, this case came to us on appeal from the denial of Creasy's petition for post-conviction relief. Creasy bore the burden of proof in that proceeding. As indicated, the evidence does not unerringly lead to a conclusion that Creasy's statement was inadmissible or that he was prejudiced as a result of the manner in which his appellate attorney presented this issue on Creasy's direct appeal. Consequently, consistent with our standard of review, *Lloyd v. State* (1979), 270 Ind. 227, 383 N.E.2d 1048, we must affirm the trial court's denial of Creasy's petition for relief.

Accordingly, Creasy's petition for rehearing is hereby denied.

SHIELDS, J., concurs.

SULLIVAN, J., dissents for the reasons set forth in his dissent filed December 27, 1984, and published at 472 N.E.2d 653.