**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFRY G. PRICE**
Peru, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN D. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A05-1403-CR-103 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen III, Judge
Cause No. 85C01-1302-FB-90

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following a jury trial, Ryan D. Smith was convicted of residential entry[1] as a Class D felony, resisting law enforcement[2] as a Class A misdemeanor, and criminal mischief[3] as a Class A misdemeanor. Smith's sole issue on appeal is whether the State presented sufficient evidence that he entered his victim's residence in order to sustain his residential entry conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

During the late hours of February 7 and early hours of February 8, 2013, Shane Sadler and his fiancée, Amanda McCracken, were at home in Lagro, Indiana. They heard loud music outside, and upon investigating, Sadler saw that Smith, his cousin, was on the front porch. Smith and Sadler had had a falling out over the fact that Smith purportedly had an affair with McCracken while Sadler was in prison. Smith told Sadler to let him in so that they could settle their differences. Sadler did not open the door and told Smith to come back later when Smith was not intoxicated.

Smith did not go away, but instead, retrieved a shovel from the neighbor's house, which he used to shatter the glass of Sadler's front door. Sadler was inside holding the door closed. Smith reached through the broken window with his hand and attempted to unlock the door's deadbolt. Smith eventually made his way into the home. McCracken,

---

[1] *See* Ind. Code § 35-43-2-1.5. We note that, effective July 1, 2014, new versions of the residential entry statute and the statutes underlying Smith's other convictions were enacted. Although the substance of the statutes remained the same, we note that we are applying the version of the residential entry statute in effect at the time of Smith's offense.

[2] *See* Ind. Code § 35-44.1-3-1.

[3] *See* Ind. Code § 35-43-1-2.

2

who was hiding behind the bedroom door, saw Smith walk through the door of the bedroom, turn around, and leave. Smith then had a confrontation with a concerned neighbor who disarmed Smith of the shovel and knocked Smith unconscious with it. When he regained consciousness and heard police sirens approaching, Smith fled. Smith did not heed the orders of police officers to stop. The police cornered and apprehended Smith.

The State charged Smith with residential entry as a Class D felony, resisting law enforcement as a Class A misdemeanor, criminal mischief as a Class A misdemeanor, and battery as a Class B misdemeanor.[4] Following a jury trial, Smith was convicted on all counts but the battery count. The trial court sentenced Smith to an aggregate sentence of four years. Additional facts will be added as necessary.

## DISCUSSION AND DECISION

Smith contends that the State failed to present sufficient evidence of entry to support his residential entry conviction. Our standard of reviewing claims of sufficiency of the evidence is well settled. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorable to the trial court's ruling. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an

_____

[4] The State dismissed additional counts of burglary and battery before and during trial, respectively.

3

inference may reasonably be drawn from it to support the verdict. *Id.*

In order to make its case against Smith, the State was required to show that he knowingly or intentionally broke into and entered the dwelling of another. Ind. Code § 35-43-2-1.5. Even partial entry of a defendant's body into the dwelling is sufficient to prove the "entry" element. *See Anez v. State*, 408 N.E.2d 1315, 1316 (Ind. Ct. App. 1980) (evidence of defendant's hands and arms inside broken window sufficient); *see also Lee v. State*, 349 N.E.2d 214, 216, 169 Ind. App. 470, 472 (1976) (Lee's foot and shoulder entered victim's home).[5]

The evidence most favorable to the jury's verdict is that Smith shattered the glass of the front door, reached in with his hand in an attempt to unlock the door's deadbolt, and eventually made his way into the home such that he was seen by McCracken entering the bedroom. On appeal, neither party references McCracken's testimony that Smith entered the home. At trial, the State argued that the evidence showed that Smith made full or partial entry into the home. *Tr.* at 184-85. Therefore, even if the jury chose not to believe McCracken's testimony, pursuant to *Lee* and *Anez*, evidence that Smith reached into the broken front door glass with his hand is sufficient to sustain his conviction. Smith's argument on appeal is based upon evidence that he argues shows that only his shovel entered the home. That argument requires us to consider evidence that does not support the jury's verdict, which we cannot do. *Drane*, 867 N.E.2d at 146. Affirmed.

BAKER, J., and ROBB, J., concur.

---

[5] *Lee* and *Anez* are burglary cases. Burglary and residential entry share the elements of breaking and entering a structure, and therefore, burglary cases assist us in our analysis.

4