McQueen *et al.* *vl* The State.

No. 10,072.·

## McQueen et al. *v.* The State.

CRIMINAL LAW.—*Robbery.*—*Description of Property.*—Where, in a prosecu-
tion for robbery, the indictment shows that a more particular description
of the property taken can not be given, it will not be quashed for want
of a particular description.

SAME.—*Motion in Arrest of Judgment.*—An indictment which sufficiently
describes a part of the property taken, where several articles are severally
described, will be sustained on a motion in arrest of judgment.

SAME.—*Evidence.*—*Character of Defendant for Honesty.*—*Presumption.*—*In-
struction.*—In a prosecution for robbery it is not error to refuse to instruct
that, "in addition to the evidence upon the subject of character, the law
presumes that the character of the defendant for honesty is good."

SAME.—An instruction in such prosecution, that evidence of the defendant's
character for honesty should be considered by the jury as tending to
establish a defence, but if they should be satisfied beyond a reasonable
doubt of his guilt, after a consideration of all the evidence, including the
testimony in regard to his character for honesty, then, though they might
believe he had such character before the robbery, it would not avail him
as a defence or entitle him to an acquittal, is correct.

PRACTICE.—*Interrogatories by Juror to Witness.*—*Exception.*—Where no ob-
jection is made to interrogatories propounded to a witness by a juror,
nor any exception reserved, no question is presented for the decision of
the Supreme Court as to the admissibility of such interrogatories.

From the Dubois Circuit Court.

*E. A. Ely* and *J. L. Britz*, for appellants.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and
*A. H. Taylor*, for the State.

ELLIOTT, J.—It is contended that the information upon
which the appellants were tried and convicted of the crime of
robbery does not sufficiently describe the property alleged to
have been feloniously taken from the person upon whom the
offence was committed. The description reads thus: "One
note, circulating as money, of the denomination and value of
ten dollars, a more particular description of which note is to
this affiant unknown and can not be given; one note, cir-
culating as money, of the denomination and value of five dol-
lars, a more particular description of which is unknown and

can not be given; twenty-four pieces of silver coin, of American coinage, of the value of one dollar each. All of said described money being of the aggregate value of thirty-nine dollars."

We think that an excuse is shown for not describing the notes with more certainty. Where it is shown, as it is here, that a more particular description can not be given, the indictment will be upheld. *Commonwealth* v. *Sawtelle*, 11 Cush. 142; *State* v. *Taunt*, 16 Minn. 109; *People* v. *Bogart*, 36 Cal. 245. It would be unreasonable to expect one who is robbed of money, or its representative, to give an accurate description of it, and it would render it almost impossible to convict a thief or a robber if courts should undertake to require the prosecutor in all cases to give a particular description of the money or note feloniously taken. The failure to give an exact description can never endanger the liberty of an innocent man, but the enforcement of such a rule as that for which counsel contend would furnish the guilty with ready and easy means of escape.

We need not stop to enquire whether the coin is well described, for there is a sufficient description of property enough to constitute the crime of robbery. An indictment good as to part of the property, where separate articles are severally described, will repel a motion in arrest. An indictment good in part will be sustained.

It is claimed that one of the jurors was guilty of misconduct in propounding interrogatories to one of the witnesses for the State. No objection was made, nor was any exception reserved, and consequently no question is presented for our consideration.

The appellants asked an instruction upon the subject of character, which contains the following clause: "In addition to the evidence upon the subject of character, the law presumes that the character of the defendants for honesty is good." The court did not err in refusing this instruction. Character is to be determined from the evidence presented to the jury.

It is a question of fact, depending for its solution upon the evidence.  If the defendant offers no testimony upon that subject, then it forms no element of the case; if he does, then it must be determined upon that testimony, considered in connection with all the other evidence in the case.

The sixth instruction given by the court reads as follows: "Some evidence has been offered by the defendants in regard to their character for honesty.  This evidence should be considered by the jury as tending to establish a defence.  If, however, the jury should be satisfied, beyond a reasonable doubt, of the guilt of the defendants, after a full consideration of all the evidence in the case, including the testimony in regard to the character of the defendants for honesty, then, in that view of the case, though the jury might believe that the defendants had a good character for honesty before the alleged robbery, that would not avail them as a defence, or entitle them to an acquittal."  We think this instruction contains a correct statement of the law.

It is true that evidence of character is to be taken into consideration in all cases, not simply in doubtful ones, in determining the guilt or innocence of one accused of crime.  *Kistler* v. *The State*, 54 Ind. 400.  The instruction so declares, for the jury are told that they are to consider the evidence of character as tending to establish a defence, and that such testimony must be considered in determining the question of guilt or innocence.  Good character may sometimes turn the scale in a defendant's favor, and it is always to be considered in connection with all the other evidence in the case.  Where, however, taking into consideration the good character of the accused, guilt is established, then conviction must follow.  As was said by WORDEN, J., in *Rollins* v. *The State*, 62 Ind. 46, "Previous good character does not license the commission of crime."

We can not disturb the verdict upon the evidence.

Judgment affirmed.