Holland *v.* The State.

Filed May 12, 1892.

---

No. 16,391.

## HOLLAND *v.* THE STATE.

CRIMINAL LAW.—*Abortion.—Sufficiency of Indictment.—Averment as to Intent.*—In an indictment for criminal abortion, charging that the defendant feloniously, unlawfully and wilfully employed an instrument in and upon the body and womb of a pregnant woman, with intent to produce a miscarriage, etc., the allegation "feloniously and unlawfully" applies to the intent with which the instrument was used, as well as to the use of the instrument itself.

VENUE.—*Change of.—Ruling Upon Application for.—Bill of Exceptions.*—No question is presented upon the ruling of the court denying a change of venue when there is no bill of exceptions in the record containing the affidavits, rulings or exceptions.

INSTRUCTIONS TO JURY.—*How Considered when Evidence not in Record.*—When the evidence is not in the record, instructions given by the court can not be regarded as erroneous if they can be considered as correct upon any state of facts admissible under the issues, and instructions requested and refused will be presumed to have been refused because not applicable to the facts of the case.

SAME.—*Evidence Concerning Good Character.—Criminal Prosecution.*—Instructions to the jury in a criminal prosecution are erroneous which declare that if the jury find from the evidence, "independent of the evidence of good character," that there is a reasonable doubt of guilt then they should acquit, but that they must convict if they find, independent of the evidence of good character, that he committed the crime. The effect of these instructions was to deprive the accused of the benefit of evidence of good character, which they assume had been given. Evidence of good character is to be considered in connection

Holland v. The State.

with other evidence upon the question of guilt or innocence, and it is not, as these instructions assert, to be considered apart from the other evidence.

From the Adams Circuit Court.

*R. K. Erwin, J. F. Mann, J. T. France* and *A. P. Beatty,* for appellant.

*A. G. Smith,* Attorney General, *G. T. Whitaker,* Prosecuting Attorney, and *J. F. France,* for the State.

ELLIOTT, C. J.—The first count of the information charges that " Elijah Holland and Jose Holland, on the 2d day of May, 1891, at the county of Adams and State of Indiana, did then and there feloniously, unlawfully and wilfully employ and use in and upon the body and womb of Daisy Reynolds, a pregnant woman, as they the said Elijah Holland and Jose Holland then and there well knew, a certain instrument, with intent then and there and thereby to produce miscarriage, it not being necessary to cause miscarriage to preserve the life of said Daisy Reynolds, by reason whereof said Daisy Reynolds languished until the 9th day of May, 1891, and died." It is objected that the allegation " feloniously and unlawfully " applies only to the use of the instrument, and not to the intent with which it was used. We think the allegation embraces both the intent and the act. It would be an unreasonable construction to narrow the allegation to the act and not extend it to the intent, for the entire pleading must be considered, and when so considered there can be no doubt as to the force and effect of the allegation. Our conclusion is fully sustained by the decided cases. *Taylor* v. *State,* 101 Ind. 65 ; *Rhodes* v. *State,* 128 Ind. 189 ; *Willey* v. *State,* 46 Ind. 363.

No question upon the ruling denying a change of venue is before us, for the reason that there is no bill of exceptions in the record containing the affidavits, rulings or exceptions. It has often been decided that such matters are not part of

the record proper, but must be brought into it by a bill of exceptions duly signed and filed.

Isolated and detached fragments of evidence appear in a bill of exceptions, but we can not determine from the meager statements whether there was or was not error in the rulings upon the evidence, assailed in the brief of counsel, much less can we say that the rulings were prejudicial or probably prejudicial. There are cases where the character and effect of rulings in admitting or excluding evidence may be determined without the presence of the entire evidence, but this is not one of them. For anything that appears, the evidence with which the parts stated in the bill were connected may have made it entirely proper for the court to rule, as it did, and in the absence of a countervailing showing 'we must presume that the trial court did not err in any of its rulings. The party who alleges error must affirmatively show error, and that it was prejudicial, or probably prejudicial, or his appeal will be unavailing. *Morningstar* v. *Musser,* 129 Ind. 470, and cases-cited; *Stewart* v. *State,* 111 Ind. 554.

As the evidence is not in the record, we can not regard the instructions as erroneous if they can be considered as correct upon any state of facts admissible under the issues. We may say here, as well as elsewhere, that we can not adjudge that there was error in refusing the instructions asked by the appellant, for, as the evidence is not before us, we are bound to presume that they were refused because not applicable to the facts of the case. It is unnecessary to mention the instructions refused in detail; it is sufficient to say that we have carefully examined them, and find that such as were not covered by the instructions given by the court may well have been refused for the reason stated.

We are unable to resist the conclusion that the instructions of the court upon the subject of the weight to be attached to the evidence of the good character of the accused were radically erroneous, and such as can not be sustained

Holland v. The State.

upon any supposable state of facts. One of the instructions upon this subject is this: "Evidence of previous good character may be considered by you in connection with all the other evidence given in the cause in determining whether the defendant would likely commit the crime with which he is charged, and if you find from all the evidence in the cause, independent of the evidence of his good character, that there is a reasonable doubt, then you should give him the benefit of his good character and acquit him." The other instruction given upon the subject reads thus: "If, however, you should find from all the evidence given in the cause, independent of the evidence of previous good character, that the defendant did commit the crime, or was present, aided or abetted, encouraged, counselled, directed and assisted in the same, evidence of previous good character would not avail him anything, and you should find him guilty." The effect of these instructions was to deprive the accused of the benefit of evidence of good character, which they assume had been given. They declare that if the jury find from the evidence, "independent of the evidence of good character," that there is a reasonable doubt of guilt, then they should acquit, thus making the evidence of good character utterly valueless, for, if there was a reasonable doubt of guilt the accused was entitled to an acquittal, whether his character was good or bad. The best character a man could obtain would avail nothing under the rule declared in these instructions, and yet good character is in law a thing of value and weight. To be sure, evidence of previous good character can not outweigh convincing evidence of crime, nor can previous good character avail where, giving it due weight, the evidence still proves the charge beyond a reasonable doubt. Good character is, however, a matter to be considered in determining whether an accused is or is not guilty of the offence charged against him, and it is to be assigned its proper weight upon that question. Evidence of good character is to be considered in connection with

other evidence upon the question of guilt or innocence, and it is not, as these instructions assert, to be considered apart from the other evidence. It may in some cases turn the scale in favor of the accused, but this it could not do in any case under such instructions as those given in this instance, for they do not permit good character to go into the scale at all. Our own decisions, as well as the decisions of other courts, declare that evidence of good character must be considered in determining the question of guilt or innocence. In *Kistler* v. *State*, 54 Ind. 400 (406), the authorities were fully reviewed, and a conclusion reached which these instructions oppose. In the case cited the court in concluding its opinion said: "The weight of modern authority seems to be overwhelmingly in favor of the rule that proof of good character constitutes an ingredient to be considered by the jury, in all criminal cases, without reference to the apparently conclusive or inconclusive character of the other evidence." Other cases in our own court affirm the doctrine of the case cited. *McQueen* v. *State*, 82 Ind. 72. Many other courts have asserted a like doctrine. See cases cited in 3 Am. & Eng. Encyc. of Law, 111.

Judgment reversed.

Filed May 13, 1892.