GARR *v.* STATE OF INDIANA.

[No. 31,024. Filed June 19, 1967.]

*Ronald V. Aungst,* of Valparaiso, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

JUSTICE ARTERBURN DELIVERED THE OPINION OF THIS COURT.

This is an appeal from a judgment convicting the appellant of the crime of statutory rape upon a two year old female child. The appellant contends the evidence is not sufficient to sustain the verdict. For that reason, we must to some extent review the evidence and its repulsive features.

Briefly, the evidence shows that the appellant and his wife were at the beach swimming with Mr. Nichols, the father of the child. When the father noticed that the appellant was missing, he drove to his house, where he heard his small daughter crying. He ran upstairs and found the appellant in the bedroom with his child, who was lying half on the bed, with her panties down. The appellant, wearing swimming trunks, immediately left the bedroom and, without making any statement, drove away.

An examination of the child by a physician immediately thereafter revealed semen on the child's private parts and in her vagina. An examination of the appellant's clothes and bathing trunks also disclosed the same staining. The father followed the appellant and after accosting him, hit him. Appellant fled and was later arrested by the police. We feel the evidence is sufficient, without going into further detail, to sustain the conviction.

There are other contentions made with reference to alleged errors of the trial court, but the record does not show any

objections made at the time in the trial court, nor have they been properly presented to this Court for consideration.

One of these contentions is that the appellant was prejudiced by reason of the introduction of a prior sex offense of which he was convicted some years previously. It is contended that this evidence is incompetent because it is alleged to be remote.

In LaMar v. State (1964), 245 Ind. 104, 195 N. E. 2d 98, we held that evidence of prior sex offenses was competent. The question as to the weight to be given such evidence is one for the jury. Remoteness may have some bearing upon the weight which the jury might desire to give such evidence. However, the evidence itself is admissible for such weight as the jury might desire to give it. As this Court stated in *Watts* v. *State* (1950), 229 Ind. 80, 104, 95 N. E. 2d 570, 580:

> "The fact that the crimes under the circumstances covered a period from six months to three years prior to the crime with which the appellant is charged does not render the evidence inadmissible. Remoteness of time would only go to the weight of the evidence, and not to the admissibility of it. *Booher* v. *State* (1926), 198 Ind. 315, 321, 153 N. E. 497."

For the reasons stated, the judgment of the trial court is affirmed.

Hunter, C. J. and Mote, J., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 227 N. E. 2d 171.