JOHN S. GARR v. STATE OF INDIANA.

[No. 1173S219. Filed June 18, 1974.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from the overruling of a motion to correct errors under Rule 1, Indiana Rules of Procedure for Post-Conviction Remedies § 1(a).

Appellant was originally convicted in January, 1966, of the statutory rape of a two-year old child. He was represented by privately employed counsel at that trial. The same counsel was appointed by the court to perfect an appeal to the Indiana Supreme Court. A decision was rendered on that appeal June

19, 1967, affirming the conviction of the appellant. See *Garr* v. *State* (1967), 248 Ind. 295, 227 N.E.2d 171, 10 Ind. Dec. 608.

In his petition for post-conviction remedy the appellant set out many of the same questions which were raised in his original appeal.

Section 1(b) of the post-conviction remedies' rule specifically states that this remedy is not a substitute for a direct appeal.

The matters which were considered and adjudicated in the original appeal will not be reconsidered by this Court on an appeal from a denial of his petition for post-conviction relief. The only reason for considering such matters is to determine whether or not appellant's allegation that his original trial counsel who defended him in the court below and perfected his appeal from his conviction was so incompetent as to cause the appellant to be denied due process of law at the time of his conviction. Although it is not clear from the matters here presented, it would appear appellant is attacking trial counsel for not questioning the fact that he was arrested without a warrant. The record in this case shows that the father of the molested child heard the child screaming, entered a bedroom, saw the appellant attempting to pull the child's pants up, took the child from the appellant and discovered that she had semen on her vulva and legs, and that there was semen on the bed sheet. After an altercation with the appellant, police were summoned, and the appellant was pursued and arrested immediately by the police. There is no question but what a police officer may arrest a suspect without a warrant when he has probable cause to believe that a felony has been committed by the person arrested. *Patterson* v. *State* (1970), 253 Ind. 499, 255 N.E.2d 520, 20 Ind. Dec. 290.

Appellant next claims the bathing trunks he was wearing at the time of his arrest were improperly seized from him and tested by the police. The test revealed the presence of

semen. Under the circumstances of this arrest, it is difficult to see how the taking of appellant's bathing trunks could have constituted an illegal search. He had just been properly arrested on suspicion of committing a felony. The nature of that felony would give rise to a reasonable belief on the part of police officers that his clothing should be seized and tested. *Warden, Maryland Penitentiary* v. *Hayden* (1967), 387 U.S. 294, 18 L. Ed. 2d 782, 87 S. Ct. 1642.

Appellant also attempts to raise the question as to whether or not penetration was proved by the State in the original trial. This again was a matter for the original appeal, but we have examined this accusation for the sole purpose of determining competency of trial counsel. The testimony of the examining physician in this case was quite adequate to support the finding of the jury that a penetration had occurred. It is true that the physician testified there could not have been much penetration, but as has been stated by this Court in previous cases, the slightest penetration is sufficient to constitute the crime. *Taylor* v. *State* (1887), 111 Ind. 279, 12 N.E. 400.

Appellant also claims trial counsel permitted testimony against the interest of the defendant prior to the showing of the *corpus delicti*. The record in this case does not support appellant in this contention. The first witness called by the State in the original trial was the father of the child. His testimony was quite sufficient to support the finding of the jury as to the *corpus delicti* prior to to the admission of any testimony showing statements against interest by the appellant. We would also observe in passing that although it is desirable to first establish a *corpus delicti* before showing a confession or statements against interest by the defendant, such is not necessary. The matter of order of proof is within the sound discretion of the trial court. See *Parker* v. *State* (1949), 228 Ind. 1, 12, 89 N.E.2d 442.

After hearing the evidence in this case at the post-conviction remedy hearing, the trial judge found that trial and appellate

counsel had performed his duties in a competent manner. We hold that this record supports the trial judge's finding in that respect.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 312 N.E.2d 70.