Michael E. GREY, Sr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 179S19.

Supreme Court of Indiana.

May 29, 1980.

Harriette Bailey Conn, Public Defender, Marcia L. Dumond, and David P. Freund, Deputy Public Defenders, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of rape of a child under the age of twelve (12) years, Ind.Code § 35–13–4–3 (Burns 1975), and sentenced to life imprisonment. His appeal presents the following issues:

(1) Whether there was sufficient evidence of the *corpus delicti*, independent of the defendant's extra-judicial confession.

(2) Whether the trial court erred in overruling defendant's motion to suppress one of his out-of-court statements.

(3) Whether the trial court erred in admitting into evidence testimony of defendant's past sexual conduct.

(4) Whether the trial court erred in refusing defendant's tendered final instructions regarding the weight to be given by the jury to his out-of-court confessions.

(5) Whether the evidence was sufficient to support the verdict.

\* \* \* \* \* \*

## ISSUE I

Defendant was living with the State's witness, and her two children, a three year old girl and a younger boy. After putting the children to bed, the mother and a woman friend went out for the evening, leaving the children of both asleep and in the care of the defendant. When she returned, about 11:00 p. m., she found her daughter bleeding from her vagina. The child was taken to the hospital, where she was attended by two physicians, who sutured a laceration one and one-half inch in length which extended from the posterior to the top of the vagina. Bleeding had been profuse.

The attending physicians testified that the laceration had been caused from the insertion of a foreign object with brute force into the child's vagina, that the object was of "fair size" and not necessarily sharp. One testified that the injury could not have been self inflicted or accidental. Both acknowledged that they did not know what object had caused the injury and that it would be difficult to cause such injury with one's penis but that with sufficient force, it could have been done.

The defendant made two extra judicial confessions. By the first, he said that he had injured the child with his fingers, but by the second, he admitted that he had raped the child. It is his argument, however, that there had been insufficient evidence of the *corpus delicti*, independent of

his confessions, to render his confession of the rape admissible. More specifically, he contends that the State was required to establish, by evidence independent of his confession, that his penis had penetrated the child's vagina and merely establishing that some object had so penetrated was not sufficient.

■ Although the *corpus delicti* of a crime must be proved beyond a reasonable doubt in order to sustain a conviction, it need not be so proved to render a defendant's confession admissible. *Hudson v. State*, (1978) Ind., 375 N.E.2d 195; *Cambron v. State*, (1975) 262 Ind. 660, 322 N.E.2d 712; *Dunbar v. State*, (1961) 242 Ind. 161, 177 N.E.2d 452; *Parker v. State*, (1949) 228 Ind. 1, 88 N.E.2d 556, reh.den., with statement, 228 Ind. 11, 89 N.E.2d 442; *Holding v. State*, (1963) 244 Ind. 75, 190 N.E.2d 660. It may be shown by circumstantial evidence. *Holding v. State, supra; Cambron v. State, supra; Hudson v. State, supra.*

■ Except for the medical testimony, the case is not unlike *Messel v. State*, (1911) 176 Ind. 214, 95 N.E. 565. In that case the defendant had confessed to the rape of his eleven year old daughter, who died prior to the defendant's trial. The *corpus delicti* was there established by the physicians who had examined the girl and testified that *in their opinion* the enlarged organs and the destruction of her hymenial membrane could only have been caused by sexual connection. In neither case would the evidence independent of the confession be sufficient to sustain a verdict of guilty. Notwithstanding the apparent confidence of the *Messel* physicians in the correctness of their conclusion, being drawn from circumstantial evidence alone, it would be insufficient, in and of itself, to support a guilty verdict, because it could not be said to be of so conclusive a character and point so surely and unerringly to guilt (*corpus delicti*), as to exclude every reasonable hypothesis of innocence. *Krauss v. State*, (1947) 225 Ind. 195, 73 N.E.2d 676. It, nevertheless, would give rise to a reasonable inference that the girl's condition was the result of sexual

connection. And so it is in the case at bar. Most assuredly the circumstances do not exclude the hypothesis that the child had been injured in some other manner, but they are altogether consistent with and give rise to a reasonable inference that the laceration was caused by rape. This is all that is required to establish the *corpus delicti* and render the confession admissible. The confession, being properly in evidence and being corroborated by the independent evidence of the *corpus delicti*, the evidence cannot be said to be insufficient to sustain the verdict.

## ISSUE II

On September 30, 1976, at approximately 3:30 a. m., Elkhart Police Officer Ghrist informed the defendant of the charges against him and orally advised him of his constitutional rights.[1] Officer Ghrist then gave defendant a form advising him of his rights; defendant indicated that he understood the same and signed the form. However, he made no statement except to deny the charge.

Detective Bowlby testified that approximately five (5) hours later he gave the defendant a rights advisement and waiver and asked him to read it. When asked if he understood it, defendant expressly replied that he did. He signed the form and proceeded to make an oral confession. Detective Bowlby then gave the defendant a form on which he intended to transcribe defendant's statement. That form also enumerated the defendant's rights, and he acknowledged that they had been explained to him by writing "yes" in a blank provided for that purpose. After the oral statement had been reduced to writing, the defendant read, initialed, and signed it. He also agreed to submit to a polygraph examination.

At approximately 10:45 a. m. on October 1, 1976, the defendant met with polygraph examiner Larry Staub. After the polygraph examination was conducted, Staub informed him that he had detected "reactions" to some of the questions. Apparently, although it is not entirely clear, Defendant asked Staub to pray with him and then began to make an oral confession. At the suppression hearing, Staub testified that he then orally advised the defendant of his rights. When specifying the warnings given, Staub did not testify that he had warned the defendant that anything he said could be used as evidence against him. Staub stated that he then gave the defendant another advisement and waiver form, identical to that used by Detective Bowlby, which the defendant again signed and indicated that he understood his constitutional rights. Defendant then agreed to give a written statement. He signed and initialed it and again wrote "yes" in response to the inquiry on the form which questioned whether his rights had been fully explained.

On appeal, Defendant contends that the trial court erred when it denied his motion to suppress and admitted the October 1st confession into evidence. He argues that the statement was not voluntary and that the State had failed to show that he knowingly and intelligently waived his rights.

In determining whether a confession was voluntarily made, we look to the surrounding circumstances in order to determine whether there was any inducement in the form of violence, threats, promises, or other improper influence. *Nacoff v. State*, (1971) 256 Ind. 97, 267 N.E.2d 165. The same test is used to determine whether there was a voluntary waiver of *Miranda* rights. *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. The burden of proof rests on the State to show beyond a reasonable doubt the voluntariness of the waiver or statement. *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. When reviewing the trial court's ruling on the issue of voluntariness, we will consider only that evidence which supports the trial court's determination when the evidence is in conflict, together with any uncontested evidence presented by the defendant. We will not disturb the trial court's ruling if, from that standpoint, there was sufficient evidence to

1. *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

support it beyond a reasonable doubt. *Magley, supra.*

 Defendant contends that Staub's incomplete oral advisement was insufficient where he had previously only been handed forms. He correctly asserts that a signed waiver form does not conclusively show a valid waiver, and that merely handing an accused a form, without more, is insufficient. *Dickerson v. State*, (1972) 257 Ind. 562, 276 N.E.2d 845. However, Officer Ghrist had orally advised him of his rights, and defendant had several times acknowledged that he understood them. Despite Staub's incomplete warnings, the evidence supports the trial court's conclusion that the defendant had been adequately advised of the potential inculpatory use of his statements.

 Staub's failure to warn the defendant until after the oral statement is not dispositive as the defendant contends. While it is the better practice to advise an accused at the beginning of each interview, *Miranda* warnings do not necessarily need to be repeated on each separate occasion. *United States v. Springer*, (7th Cir.) 460 F.2d 1344; *Jackson v. State*, (1978) Ind., 375 N.E.2d 223; *People v. Hill*, (1968) 39 Ill.2d 125, 233 N.E.2d 367, cert. den. 392 U.S. 936, 88 S.Ct. 2305, 20 L.Ed.2d 1394. Here there was no error, inasmuch as the defendant had been adequately advised of his rights prior to meeting with Staub.

 Defendant next argues that the polygraph examination and confession were part of the same process, and because the polygraph results were inadmissible, then the confession should also be inadmissible. Defendant has failed to support this contention, and we perceive no reason why a confession should be inadmissible simply because it followed a polygraph examination. That defendant was told that there were "reactions" to some questions, was not, without more, necessarily coercive.

 Finally, Defendant contends that his statement was not admissible because it was given more than six (6) hours after his arrest and prior to his having been taken before a magistrate. Ind.Code § 35–5–5–3 (Burns 1975). Under that statute, however, delay is just one factor to be considered in determining the admissibility of a confession. In *Nacoff v. State, supra,* at 101, 267 N.E.2d at 167, we stated: "The question is whether, looking at all the circumstances, the confession was free and voluntary, and not induced by any violence, threats, promises, or other improper influences."

Although the delay involved here is a factor to be weighed negatively, all factors taken together indicate that the defendant made a knowing and intelligent waiver of rights and gave a voluntary confession.

## ISSUE III

Defendant contends that the trial court erred in admitting into evidence, over his objection, testimony regarding his prior sexual conduct.

 The general rule in Indiana for the admission of evidence of separate, independent, and distinct crimes to establish guilt of an accused is that such evidence is inadmissible except where relevant to show intent, motive, purpose, identification, and common scheme or plan. *Austin v. State*, (1974) 262 Ind. 529, 319 N.E.2d 130. However, this Court has carved an exception for those acts involving or showing a "depraved sexual instinct." *Miller v. State*, (1971) 256 Ind. 296, 268 N.E.2d 299. The basis for this exception is that in prosecutions for depraved acts " * * * the prosecuting witness is not likely to be believed, since the evidence 'standing alone and entirely unconnected with anything which led to or brought it about, would appear * * * unnatural or improbable in itself.'" *Pieper v. State*, (1975) 262 Ind. 580, 585, 321 N.E.2d 196, 199, quoting *State v. Robbins*, (1943) 221 Ind. 125, 46 N.E.2d 691, 695. Thus, the evidence lends credence to the testimony of the prosecution that might otherwise be disbelieved. *Lamar v. State*, (1964) 245 Ind. 104, 195 N.E.2d 98.

 Here, the defendant admitted to police that he had molested his previous girlfriend's young daughter. He contends

that testimony regarding such actions was inadmissible, because the incident was unrelated in that the child was not raped. We believe, however, that the evidence falls squarely within the above exception and was, therefore, admissible.

Detective Staub testified that the defendant also talked of having been involved in an incestuous relationship several years prior to this offense. Defendant contends that the admission of this testimony was erroneous and argues that, due to his age at the time of the occurrence, the act was not a criminal one and also that it was too remote in time to be relevant.

 While the defendant is correct that he could not have been convicted of a criminal offense, we nevertheless believe that the incident came within the purview of the above discussed exception to the general rule regarding the admission of evidence of other acts. We also note that the trial court has wide discretion regarding the exclusion of evidence for remoteness. *Austin v. State, supra.* That substantial time had passed goes to the weight of the evidence but does not render it inadmissible. *See, Garr v. State,* (1967) 248 Ind. 295, 227 N.E.2d 171.

## ISSUE IV

Defendant objected to the trial court's refusal of his tendered instructions numbered eight and eleven. Number eight read as follows:

"A confession is an admission by a defendant of all the material facts constituting the crime charged. The very nature of a confession requires that the circumstances surrounding it be subjected to careful scrutiny in order to determine whether the confession was voluntarily and intentionally made.

"If the evidence in the case does not convince you beyond a reasonable doubt that a confession was made voluntarily and intentionally, you should disregard it

entirely. On the other hand, if the evidence in the case does show beyond a reasonable doubt that a confession was in fact voluntarily and intentionally made by a defendant, you should consider it as evidence in the case against the defendant who voluntarily and intentionally made the confession."

Tendered instruction number eleven provided:

"Certain oral and written statements by the defendant were admitted into evidence. The very nature of a defendant's statements requires that the circumstances surrounding it be subjected to careful scrutiny in order to determine whether such statement was knowingly, voluntarily and intentionally made.

"You should consider all the facts and circumstances surrounding the giving of each statement and if the evidence in the case does not convince you beyond a reasonable doubt that a statement by defendant was made knowingly, voluntarily and intentionally, you should disregard it entirely. Only if the evidence in the case does show beyond a reasonable doubt that a statement was in fact voluntarily and intentionally made by a defendant, should you consider it as evidence in the case against the defendant."

Defendant contends that the jury was not instructed on the "standard for determining voluntariness of the confessions admitted into evidence nor advised that they could determine the issue of voluntariness for the purpose of assigning weight to the confession[s]."

 We agree with defendant's contention that Ind.Code § 35–5–5–1 (Burns 1975)[2] requires that the trial court instruct the jury on the manner in which they should weigh a defendant's confession. It is clear that the Legislature intended that the jury be the protector of the accused against the use of duress and other improper methods of interrogation.

2. That statute states in pertinent part: "If the trial judge determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

 While we are not convinced that defendant's tendered instruction properly stated the law, it is nevertheless clear that the trial court gave only general instructions regarding weighing evidence and judging credibility and failed to instruct the jury specifically regarding the confessions. However, we have previously stated: "Where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise, errors in the giving or refusing of instructions are harmless and will not be considered on appeal." *Pinkerton v. State*, (1972) 258 Ind. 610, 283 N.E.2d 376, 383.

The jury here heard lengthy testimony regarding the circumstances surrounding the giving of the confessions; defense counsel made a strenuous and extensive final argument on the subject. In light of this and the trial court's general instructions on weighing the evidence, we believe that the defendant suffered no prejudice to his substantial rights, and error, if any, was harmless.

We have considerable reluctance in imposing this "harmless error" doctrine with respect to a confession, the validity of which has been placed in issue by the presentation of evidence creating an identifiable issue of voluntariness as to the confession. Our concern is that such a practice might be viewed as the grant of license to over zealous interrogators to employ questionable or blatantly improper methods when they have strong evidence of guilt. This holding should not be so viewed. Rather, we resort to the harmless error rule not solely upon the basis of the strong evidence of guilt but also because the evidence of involuntariness was, in context, unpersuasive.

### ISSUE V

Defendant's argument that the evidence was insufficient to sustain the verdict is premised upon his assertion that his inculpatory statements were erroneously admitted into evidence. That issue having been resolved to the contrary, his sufficiency argument also fails.

We find no error. The judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.