**Albert A. FOX, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–780A166.**

Court of Appeals of Indiana, First District.

Dec. 18, 1980.

Harriette Bailey Conn, Public Defender, Kurt A. Young, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Defendant–appellant Fox appeals his conviction of attempted child molesting (*Ind. Code* 35–42–4–3(a) and *Ind.Code* 35–41–5–1) by arguing six alleged errors. We affirm.

## I

■ Fox first argues that it was error in permitting the mother of the victim to testify about an incident occurring five years before the trial. The testimony related to an incident of sexual abuse by Fox of his then eighteen month old half–sister who was also the victim in this case.

This issue of admissibility was discussed in the recent child molesting case of *Omans v. State*, 412 N.E.2d 305 (Ind.1980)[1] where Judge Hoffman stated at page 311:

> Generally, evidence of criminal activity other than that charged is inadmissible on the question of guilt. *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632. Yet it is now settled that such evidence is freely admitted to show depraved sexual instinct when sodomy, incest or a similar offense is charged. *Gilman v. State*, (1972) 258 Ind. 556, 282 N.E.2d 816. The basis for this exception is that in prosecutions for depraved acts the complaining witness is not likely to be believed inasmuch as the evidence standing alone and entirely unconnected with anything which led to or brought it about would appear unnatural or improbable in itself. *Grey v. State*, (1980) Ind., 404 N.E.2d 1348. Thus acts tending to indicate a depraved sexual instinct are admissible subject only to exclusion for remoteness. *Bowen v. State*, (1975) 263 Ind. 558, 334 N.E.2d 691.

Insofar as the matter of remoteness is concerned:

We also note that the trial court has wide discretion regarding the exclusion of evidence for remoteness. *Austin v. State*, [(1974) 262 Ind. 529, 319 N.E.2d 130] *supra*. That substantial time had passed goes to the weight of the evidence but does not render it inadmissible. *See, Garr v. State*, (1967) 248 Ind. 295, 227 N.E.2d 171.

*Grey v. State*, (1980) Ind., 404 N.E.2d at 1353.

## II

■ Fox next alleges error in allowing the six year old victim to testify at the trial. We are of the opinion that *Johnson v. State*, (1977) 265 Ind. 689, 359 N.E.2d 525 is dispositive of the issue. There it was held that the statutory imposition of incompetency (IC 34–1–14–5) for witnesses less than ten years of age is removed if:

> the trial court can find: (1) that the child knows the difference between telling the truth and telling a lie and (2) that the child realizes that he or she is under some compulsion to tell the truth. The compulsion to tell the truth need not be fear of punishment. [Footnote omitted].
>
> \*   \*   \*   \*   \*   \*
>
> We, therefore, entrust this determination to the discretion of the trial court and will reverse only where we find clear error, where there is no evidence from which the trial court could have found that the child understood the nature and obligation of the oath. [Citations omitted].

359 N.E.2d at 528.

The transcript shows that the trial judge examined this witness out of the jury's presence to ascertain compliance with the two point test quoted above. The answers of the witness, when compared with our standard of review, were adequate enough to permit her testimony.

1. The case of *Montgomery v. State*, Ind., 412 N.E.2d 793, 1980, is clearly distinguishable. There, the prior activity related to an entirely different offense and individual, with there also being some evidence that the interaction may have been consensual in nature. Here, both incidents involved the same party, and the same offense. Thus, the evidence concerning the prior activity was relevant to show depraved sexual instinct under *Omans v. State, supra*, whereas the objectionable evidence in *Montgomery, supra*, only served to prejudice the defendant.

## III

Fox next urges error in the refusal to grant his motion to direct a verdict in his favor. The argument hinges on the incompetency of the victim to testify. Since that issue was decided adversely to Fox his argument on this issue must fail also.

## IV

■ Fox argues error in the giving of two instructions, the first of which reads:

I submit this case to you with the confidence that you will faithfully discharge the grave duty resting upon you, bearing in mind that the liberty of the accused is not to be trifled away nor taken by careless or inconsiderate judgment; but if after a careful consideration of the law and the evidence in the case you are satisfied beyond a reasonable doubt that the defendant, Albert Fox, Jr. is guilty, you should return your verdict accordingly. Duty demands it and the law requires it. You must be just to the defendant and equally just to the State. As manly, upright men and women charged with the responsible duty of assisting the Court in the administration of justice, you will put aside all sympathy and sentiment and look steadfastly and alone to the law and the evidence in the case and return into Court such a verdict as is warranted thereby.

Fox alleges the instruction was covered by other instructions, was repetitious, and was a "law and order" type of instruction. (There was no objection to exhorting the women jurors to do their manly duty.) Fox argues, in essence, that it conflicts with the reasonable doubt standard and it comments on the evidence. The same instruction passed muster against similar arguments in *Certain v. State*, (1973) 261 Ind. 101, 300 N.E.2d 345. There was no error.

The other instruction objected to reads:

While it is necessary that every essential element of the crime charged against the accused should be proved by the evidence beyond a reasonable doubt, this does not mean that all incidental or subsidiary facts should be proved beyond a reasonable doubt. Evidence is not to be considered in fragmentary parts and as though each fact or circumstance stood apart from the others, but the entire evidence is to be considered and the weight of the testimony is to be determined from the whole body of the evidence. A circumstance considered apart from other evidence may be weak, if not improbable, but when viewed in connection with surrounding facts and circumstances, it may be so well supported as to remove all doubt as to its existence. Acts considered apart from other evidence may appear innocent, but when considered with other evidence may import guilt.

Fox's complaint with this instruction is that it is not a true statement of the law and is contrary to law because it is an impermissible comment on the weight to be given the evidence. We do not reach the same conclusion as Fox, as the instruction fairly and correctly informs the jury of their duty in considering what the State must prove beyond a reasonable doubt in order to convict.

## V

Fox next urges error in the trial court's refusal to give two instructions concerning the jury's duty in weighing evidence given by children. The court did instruct the jury as to this consideration by stating:

The jury is admonished that the fact that the Court has allowed an infant to testify in this case after a competency hearing does not mean that the Court is stating that she is a credible witness for that is for you as trier of fact to decide.

The foregoing instruction, in our opinion, eliminates any error urged by Fox relative to the refusal by the court to give his tendered instructions on the same subject.

## VI

■ We also reject Fox's final argument that his sentence is manifestly unreasonable because he received the presumptive or standard sentence of 10 years for a class B felony. Our scope of review pursuant to Ind.Rules of Procedure, Rules for the Appellate Review of Sentences Rule 2(1) and

(2), need not be exercised unless Fox demonstrates manifest unreasonableness. Fox has not made such a demonstration.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.