Charles M. CARROLL, Appellant,

v.

STATE of Indiana, Appellee.

No. 981S261.

Supreme Court of Indiana.

Aug. 16, 1982.

Keith A. Dilworth, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary and Rape. He was sentenced to thirty years and ten years respectively for the offenses. The terms were ordered to run concurrently.

The victim was awakened by a man in her bedroom who had entered her home through a door. The assailant beat the victim about the face and head then raped her. The victim was hospitalized for one week due to her injuries sustained during the rape.

■ Appellant claims the trial court erred in denying his motion for change of venue. He contends he could not receive a fair trial in Wayne County due to pre-trial publicity and community bias. During the pre-trial hearing on appellant's motion for change of venue, he presented testimony of his family and his fiancee's family who had received telephone calls threatening him following his arrest. Other members of the community testified to animosity toward appellant following his apprehension. Newspaper articles were also entered into evidence.

The necessary procedure for a change of venue is set forth by Rule of Criminal Procedure 12 which states in pertinent part:

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require.

"In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

"An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, . . . .

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence . . . ."

Appellant's motion for change of venue was not properly verified. Moreover, the motion was filed October 15, 1980, after the arraignment on July 31, 1980, when he entered his plea of not guilty. Appellant fails to make any specific allegations as required for a motion for change of venue for cause. This Court has held the failure to follow the clear dictates of Rule 12 of the Criminal Rules of Procedure justifies the denial of the motion for change of venue. *Barber v. State,* (1979) Ind., 388 N.E.2d 511; *Epps v. State,* (1977) 267 Ind. 177, 369 N.E.2d 404.

We hold the trial court did not err in refusing to grant a change of venue.

Appellant claims the trial court erred in denying his motion to suppress his confession and admitting it into evidence by testimony and a tape recording. He argues his confession was not voluntarily made but was the result of police coercion.

■ This Court will not disturb a trial court's determination of the admissibility of a confession when the ruling is based on conflicting evidence. *Taylor v. State,* (1980) Ind., 406 N.E.2d 247. Under our standard of review, we will consider the evidence supporting the trial court's ruling and any uncontested evidence presented by the defendant. *Grey v. State,* (1980) Ind., 404 N.E.2d 1348. In evaluating voluntariness, we look to the totality of the circumstances surrounding the confession including whether the statement was induced by any violence, threats, promises or other improper influence. *Taylor, supra; Grey, supra; Nacoff v. State,* (1971) 256 Ind. 97, 267 N.E.2d 165.

Appellant voluntarily came to the police station on the afternoon of July 17, 1980, pursuant to a telephone call by the police requesting he do so. He was advised of his rights and signed a waiver form. The officers informed him of the subject of their inquiry. Appellant consented to a polygraph test. He left the station and returned voluntarily for the examination previous to which he was again advised and waived his rights. He also signed a poly-

graph examination release form. Officers told appellant they would like to ask him a few more questions and transferred him to another interviewing room. He was told he had failed the polygraph examination. The subsequent interview concluded with appellant's confession.

The interrogation room was small. It contained a wall mirror, desk and chairs. The door to the room locked automatically. Although appellant testified it was closed, the officers testified they could not recall whether the door was open during the interview. An officer testified appellant was not being forcibly detained and could have left any time prior to his confession.

█ Detectives testified appellant did not request an attorney, food, drink, use of a telephone or restroom facilities. He did not request the interview be terminated. No force, threats or promises were made to induce his confession. Appellant did not appear to be under the influence of intoxicants. Appellant was familiar with law enforcement procedure as he had one previous felony conviction. The circumstances surrounding appellant's confession do not warrant disturbing the trial court's ruling of admissibility.

Appellant equates being truthfully told he failed the polygraph examination with coercion. In *Grey, supra*, at 1352 this Court stated, "That defendant was told that there were 'reactions' to some questions, was not, without more, necessarily coercive."

Appellant asserts the confession and taped statements were part of a mechanical testing procedure which is inadmissible and unreliable. In *Grey, supra*, at 1352 we stated, "[W]e perceive no reason why a confession should be inadmissible simply because it followed a polygraph examination."

█ Appellant additionally argues the polygraph was "essentially an illegal search or seizure to secure his confession" in violation of the Fourth Amendment. He did not object to the admission of the confession on this ground during trial or in his motion to correct errors. Grounds for an objection presented to the trial court may not be

changed on appeal. *Phelan v. State*, (1980) Ind., 406 N.E.2d 237. Appellant, therefore, waived this argument on appeal.

Appellant claims the trial court erred in refusing to give his tendered instruction 1. However, the subject matter covered by said tendered instruction was completely covered by the trial court in its instruction 4. The trial court is not required to give a tendered instruction which is covered by other instructions. *Cobb v. State*, (1980) Ind., 412 N.E.2d 728.

█ Appellant also claims the trial court erred in giving instruction number 12 rather than his tendered number 3. The court's final instruction 12 reads:

"The defendant has introduced evidence of his reputation for peaceability and honesty. This evidence may be sufficient when considered with the other evidence in the case to raise a reasonable doubt of the defendant's guilt.

"However, if from all the evidence in the case you are satisfied beyond a reasonable doubt of the defendant's guilt, then it is your duty to find him guilty, even though he may have a good reputation."

Appellant's tendered final instruction 3 reads:

"There has been testimony admitted into this case regarding the defendant's reputation for peaceability and honesty. The Jury may consider this testimony as creating reasonable doubt."

Citing *Holland v. State*, (1892) 131 Ind. 568, 31 N.E. 359 and *Kistler v. State*, (1876) 54 Ind. 400, appellant argues the final paragraph of the court's instruction is a misstatement of the law and deprives him of the benefit of the evidence of his reputation for honesty and peaceability. In *Hitch v. State*, (1972) 259 Ind. 1, 12–3, 284 N.E.2d 783, 790 we stated, relying on *Chesterfield v. State*, (1923) 194 Ind. 282, 141 N.E. 632:

"It is to be noted from *Holland v. State, supra* and *Ross v. State*, [204 Ind. 281, 182 N.E. 865] *supra* that if, under the evidence, the jury is satisfied beyond a reasonable doubt of a defendant's guilt, the good character of the defendant is of no

avail. And in *Chesterfield v. State, supra* we held to be proper an instruction that informed the jury that if, after considering all the evidence they found beyond a reasonable doubt that the defendant was guilty, then the fact, if it was a fact, that his reputation for peace and quietude was good, would not avail as a defense."

The trial court's instruction was a correct statement of the law. Therefore, the court did not err in refusing to give defendant's tendered instruction covering the same subject. *Cobb, supra; Cox v. State,* (1980) Ind., 419 N.E.2d 1279.

Appellant claims the trial court abused its discretion in two instances. He first alleges the trial court erred by denying his motion to view the police interrogation room in which he confessed. He contends the view was necessary to assist in the jury's determination of the voluntariness of his confession.

■ It is within the trial court's discretion whether to allow a view. *Gross v. State,* (1977) 267 Ind. 405, 370 N.E.2d 885. It is not a substantive right nor essential to a fair trial. *Misenheimer v. State,* (1978) 268 Ind. 274, 374 N.E.2d 523.

■ A jury's view of a location is not intended as evidence. It is intended simply to aid the jury in understanding the evidence. Thus, a trial court does not abuse its discretion if the viewing would not be materially helpful to the jury or where photographs or other evidence adequately present the situation. *Pinkerton v. State,* (1972) 258 Ind. 610, 283 N.E.2d 376.

■ In the case at bar the trial court ordered the dimensions of the room measured. The figures, to which the parties stipulated, were admitted into evidence. We hold the trial court did not abuse its discretion in refusing to send the jury to view the room.

Appellant claims an abuse of discretion occurred when the trial court denied his motion for mistrial. The trial court granted a motion in limine to exclude among other things a certain witness from mentioning that appellant was suspected of be-

ing a neighborhood prowler. The allegedly prejudicial comment was made during cross-examination of the victim by defense counsel. The record reveals the following exchange:

"Q: Just a few more questions. Can you recall the detectives suggesting to you before you ever saw that photo array, number 12, that they were curious about Amy's boyfriend?

"A: They were curious about that he had been seen in the neighborhood, window-peeping and I didn't know anything about it. My neighbors had not told me that there had been any problem in the neighborhood. I did not know it until after this happened."

Following defense counsel's objection, the trial court ruled the State had not attempted to interject prejudicial information into the trial. The court struck the answer and ordered the record to show her answer was "yes." The judge promptly and properly admonished the jury to disregard the remaining testimony.

■ The granting of a mistrial lies within the sound discretion of the trial judge. When improper testimony has placed the defendant in a position of grave peril to which he should not have been exposed, the motion must be granted. *Bailey v. State,* (1980) Ind., 412 N.E.2d 56.

We addressed a like contention under similar factual circumstances in *Davis v. State,* (1981) Ind., 418 N.E.2d 203. In that case a police officer during direct examination testified that appellant was returned to the scene of the offense after having been apprehended during the commission of another offense. In *Davis, supra,* we held striking the testimony and admonishing the jury was sufficient. In the case at bar the curative action taken by the trial court was adequate to overcome whatever prejudice occurred. An admonition is ordinarily presumed to cure error. *Page v. State,* (1980) Ind., 410 N.E.2d 1304. The trial court did not abuse its discretion in denying appellant's motion for mistrial.

Appellant asserts two instances of prosecutorial misconduct requiring a new trial. Although appellant argues on appeal the behavior was prejudicial, an evidentiary harpoon and prosecutorial misconduct, his objection to the first question was that it was argumentative. This was overruled by the trial court. We address ourselves solely to the grounds of the objection presented to the trial court. Grounds for objection may not be changed or added for appellate review. *Brown v. State*, (1981) Ind., 417 N.E.2d 333; *Lucas v. State*, (1980) Ind., 413 N.E.2d 578. The admissibility of evidence is generally within the trial court's discretion. Absent a showing of abuse, the ruling will remain undisturbed. *Misenheimer, supra.* Appellant fails to demonstrate how he was prejudiced by the supposedly argumentative question. The burden is on appellant to show how his substantial rights were prejudiced. *Duncan v. State*, (1981) Ind., 412 N.E.2d 770; *Phelan v. State*, (1980) Ind., 406 N.E.2d 237.

In the second instance, defense counsel's objection that the question was "so far afield" was sustained. Appellant failed to move for any curative action in the form of admonition to the jury, striking of the record or mistrial. "Appellant cannot claim error in the trial court's failure to take any of these actions when he did not make the motion which would have given the court the opportunity to act." *Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239.

Appellant claims the evidence is insufficient to support the verdict of guilt. He urges the evidence regarding identification is inadequate. The victim identified appellant as her assailant from a photographic display as well as during the trial. This Court has held the testimony of the victim may, by itself, be sufficient to support a conviction of rape. *Bledsoe v. State*, (1980) Ind., 410 N.E.2d 1310. We find no evidentiary deficiency.

The trial court is in all things affirmed.

HUNTER, DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.