Terry BECRAFT, Appellant,

v.

STATE of Indiana, Appellee.

No. 685S263.

Supreme Court of Indiana.

April 24, 1986.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Trial by jury resulted in the conviction of appellant for the crime of Child Molesting, a Class B felony. Appellant was sentenced to fifteen (15) years imprisonment.

The facts are: A.C., a child nine years of age at the time of the offense in question in December of 1983, testified that he spent the night with his grandmother and her husband, the appellant. After the grandmother had gone to bed, appellant ordered A.C. to take off his pants or he would beat him. A.C. testified he was made to lean over a coffee table and appellant performed sodomy upon him. A.C. further testified that this had happened about four times before and also that appellant had previously made him perform fellatio and fondle him.

Two of appellant's nephews testified as to sexual advances made upon them by appellant when they were teenagers. Appellant's niece testified about sexual acts performed upon her by appellant when she was seven or eight years old.

The sole question presented for review is the sufficiency of the evidence. Appellant takes the position the child's testimony is not credible because the matter first came to light when the child was questioned by school authorities after exposing himself in school. The principal of the school, Yvonne Chapman, testified that she talked to A.C. after he exposed himself and that he told her his father made him do nasty things. She stated he never referred to his stepgrandfather (appellant) or mentioned the name Terry which was the name he called appellant.

A.C. admitted in his testimony that he in fact told Chapman that his stepfather did mean things to him. Appellant claims it was only after A.C. had a private talk with his stepfather that he identified appellant as the one who had molested him. Thus appellant asks this Court to find that A.C.'s testimony is inherently incredible and unworthy of belief.

This Court will not reweigh the evidence or judge the credibility of witnesses. *McAffee v. State* (1984), Ind., 459 N.E.2d 1186. The uncorroborated testimony of the victim in a child molesting case is sufficient to sustain the guilty verdict. *Bennett v. State* (1980), Ind.App., 409 N.E.2d 1189. Further, in the case at bar, we have the testimony of appellant's two nephews and his niece concerning his conduct toward them. This testimony supported the testimony of A.C. in that it showed the potential of appellant for such conduct. *See Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348.

There is substantial evidence of probative value in this record to sustain the verdict of the jury.

The trial court is in all things affirmed.

All Justices concur.